**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DWAYNE BOCKELMANN,<br><br>Plaintiff,<br><br>-vs-<br><br>CLARITY SERVICES, INC.,<br><br>Defendant. | **Civil Action No.:**<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff, complaining of the Defendant above named, would respectfully show as follows:

## JURISDICTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
2. Clarity Services, Inc., (Clarity) is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.
3. Plaintiff Dwayne Bockelmann is a natural person over the age of eighteen (18) and a resident of the United States.
4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in the State of Texas and conducts business within this district.
5. Plaintiff is a "consumer" as that term is defined by The Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681.
6. Clarity is a nationwide Consumer Reporting Agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), as they regularly engages in whole or in part in the practice

of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail, internet, and/or telephone communications.

## INTRODUCTION

7. The inaccuracy in this case required no special insight to recognize. Defendant Clarity reported information about Dwayne Bockelmann that was plainly inconsistent on its face and could not possibly be accurate.

8. Specifically, Clarity's consumer report included the wrong name, multiple dates of birth, and multiple driver's license numbers. These contradictions are facially false and logically inconsistent, demonstrating that Clarity failed to maintain reasonable procedures to assure maximum possible accuracy as required by 15 U.S.C. § 1681e(b).

9. The presence of multiple personal identifiers in Mr. Bockelmann's file, indicates a likely "mixed file," in which the personal and credit information of more than one individual is commingled. This type of error is among the most serious that a consumer reporting agency can make because it results in false data being attributed to the wrong consumer.

10. In addition, Mr. Bockelmann's report contained numerous inquiries from entities he did not recognize. These transactions were associated with tracking numbers that linked to other identifiers that were not his, providing further evidence that Clarity disseminated Mr. Bockelmann's consumer information to third parties in connection with credit or other transactions involving different consumers.

11. An FCRA violation is willful when a defendant's conduct is inconsistent with authoritative guidance issued by the Consumer Financial Protection Bureau ("CFPB"). Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 50, 127 S. Ct. 2201, 2205, 167 L. Ed. 2d 1045 (2007).

12. The CFPB has made clear that "a consumer reporting agency that does not implement reasonable internal controls to prevent the inclusion of facially false data, including logically inconsistent information, in consumer reports it prepares is not using reasonable procedures to assure maximum possible accuracy under section 607(b) of the Fair Credit Reporting Act (FCRA)." Fair Credit Reporting; Facially False Data, 87 Fed. Reg. 64689-02 (Oct. 26, 2022), available at https://www.federalregister.gov/d/2022-23264/p-3

13. The CFPB further stated that facially false information includes "[i]nformation about consumer accounts that is plainly inconsistent with other reported information, such that one piece of information must be inaccurate." Id. at https://www.federalregister.gov/d/2022-23264/p-52

14. By preparing and publishing a consumer report containing three wrong dates of birth, two wrong driver's license numbers that are linked to transactions, and a wrong name. Defendant Clarity acted willfully and in reckless disregard of its duties under the FCRA and the CFPB's authoritative guidance.

15. These fundamental inconsistencies and unexplained inquiries show that Clarity's procedures were not reasonably designed to assure the maximum possible accuracy of consumer information, causing harm to Plaintiff and undermining the very purpose of the Fair Credit Reporting Act.

## FACTUAL ALLEGATIONS

16. On or around November 3, 2026, Plaintiff Dwayne Bockelmann requested a copy of his consumer report from Defendant Clarity after learning that a credit reporting agency affiliated with Clarity appeared to have mixed his information with another consumer's.

17. Upon receiving his report, Mr. Bockelmann immediately noticed wrong names, wrong date of births, wrong driver's license numbers and inquiries from entities he did not recognize.

18. These discrepancies led Plaintiff to believe that the consumer report prepared by Defendant Clarity contained information belonging to at least one other individual, resulting in a mixed or commingled file.

19. Defendant Clarity reported false and inconsistent information to numerous companies that inquired into Plaintiff's creditworthiness by unreasonably assembling a consumer report containing data that, on its face, did not belong to Plaintiff and was logically inconsistent with his true personal identifiers.

20. Defendant Clarity included the wrong name Dwight Kawakami and Dwaynecc Bockelmann, three wrong dates of births, two addresses, email addresses, employers and bank accounts that did not belong to him. These identifiers are linked to credit transactions from Credit Ninja/FMS and Credit Acceptance Corporation. The inclusion of this unrelated data and personal identifiers demonstrates that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's file, in violation of 15 U.S.C. § 1681e(b). *See* Plaintiff's Exhibit A.

21. The consumer report reflected unauthorized inquiry from entities that Plaintiff did not recognize. The transaction contained unique tracking numbers that directly corresponded to the accounts and identifiers that are associated with someone else. These tracking links

show that Clarity was disseminating Plaintiff's consumer information to third parties in connection with transactions involving other individuals, in violation of 15 U.S.C. § 1681b. The appearance of such inquiries tied to mismatched tracking data also underscores Clarity's failure to maintain reasonable procedures to ensure that consumer reports are furnished only for lawful purposes and contain information belonging solely to the correct consumer. Courts recognize that this kind of cross-linked reporting constitutes both a procedural violation under § 1681e(b) and a substantive breach of the FCRA's permissible-purpose restrictions under § 1681b.

22. The presence of conflicting personal identifiers, cross-linked tracking numbers, and unauthorized inquiries demonstrates that Defendant created or maintained a **mixed consumer file**, a condition in which data belonging to multiple individuals is commingled under one file. Mixed files are recognized as one of the most serious violations of the Fair Credit Reporting Act. Such errors inherently result from a CRA's failure to follow reasonable procedures to assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b). Defendant's mixed-file practices caused Plaintiff's credit information to be falsely associated with other consumers and disseminated to third parties, damaging Plaintiff's credit reputation and invading their privacy.

## DAMAGES

23. The wrongful acts of the Defendants described herein caused the following concrete and particularized harm and losses:

   a. Out-of-pocket losses

   b. Past and future damage to Plaintiff's credit and creditworthiness;

c. Emotional distress, including humiliation, fear, worry, anxiety, and the physical manifestations of same;

d. Lost time spent attempting to rectify the harm caused and searching records;

e. Harm to reputation and lost credit opportunities;

f. Loss of fundamental right to privacy and/or the right to be left alone;

g. Such other harms and losses as may be shown at trial.

24. Defendants must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described herein, to return Plaintiffs to the position enjoyed prior to wrongful injury.

25. For those harms and losses that are reasonably expected to continue into the future, Defendants must compensate for their expected continuing impact and effect,

26. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendants must be required to pay nominal or symbolic damages, as well as punitive damages to punish said conduct, and deter its reoccurrence in the future.

27. Defendants must further be required to pay attorney's fees and costs, as well as the penalties mandated by their violation of important statutory rights referenced below. All of the harms and losses caused by Defendants are likely to be redressed by a favorable judicial decision through an award of the above damages, assessment of fines and punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

## FIRST CAUSE OF ACTION

**Defendants Negligent Noncompliance with FCRA § 1681e(b)**

28. The factual allegations in Paragraphs 1–28 above are incorporated by reference as though fully set forth herein, to the extent not inconsistent with this cause of action.

29. Plaintiff Dwayne Bockelmann is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

30. Defendant Clarity is a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f).

31. As a CRA that compiles, maintains, and furnishes consumer credit information, Defendant has a statutory duty under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure the **maximum possible accuracy** of the information it includes in the consumer reports it prepares and sells. This duty requires a consumer reporting agency to implement procedures designed to ensure not only that the information it reports is factually correct, but also that it is attributable to the correct consumer, free of facial inconsistencies, and internally coherent.

32. The term **"maximum possible accuracy"** as used in 15 U.S.C. § 1681e(b) imposes an affirmative duty on a consumer reporting agency to ensure that every item of information it reports is factually correct, internally consistent, and attributable to the correct consumer. The word *maximum* means "the greatest quantity or degree attainable" (*Merriam-Webster Dictionary*, "maximum"), and *accuracy* means "freedom from mistake or error; conformity to truth or to a standard" (*Merriam-Webster Dictionary*, "accuracy"). Taken together, "maximum possible accuracy" requires a consumer reporting agency to adopt and follow procedures designed to achieve the **highest degree of factual correctness and identity matching reasonably attainable**, not merely to avoid obvious errors. A report that contains conflicting personal identifiers, logically inconsistent data, or information belonging to another consumer cannot meet this standard.

33. Defendant failed to follow reasonable procedures to assure maximum possible accuracy when it reported a wrong name, different dates of birth and different drivers license numbers, that were tied to unrecognized inquiries in Plaintiff's consumer report, and other wrong data. This information was facially false, logically inconsistent, and could not possibly belong to a single individual.

34. Defendant further failed to follow reasonable procedures when it allowed personal identifiers belonging to other individuals to become linked to credit transactions, banking and employment history in Plaintiff's consumer file. These identifiers were associated with credit activity that did not involve Plaintiff and were logically inconsistent with his true information. *See* Plaintiff's Exhibit A

35. Defendant knew or should have known that the information it reported was inaccurate and misleading based on its own internal records, data tracking numbers, and the inconsistency of the identifiers contained within Plaintiff's file.

36. The inclusion of such conflicting and incomplete data demonstrates that Defendant failed to maintain adequate internal controls or matching logic to prevent mixed-file errors and the reporting of logically inconsistent information, in violation of 15 U.S.C. § 1681e(b).

37. Defendant's failure to implement reasonable procedures caused Plaintiff's consumer report to be disseminated to third parties containing false, incomplete, and misleading information, damaging Plaintiff's credit reputation and credibility.

38. Defendant's negligent noncompliance with § 1681e(b) proximately caused Plaintiff to suffer actual damages, including economic loss, harm to reputation, loss of credit opportunities, emotional distress, and mental anguish.

39. As a result of Defendant's negligent violations of the Fair Credit Reporting Act, Plaintiff is entitled to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
**Defendants' Willful Noncompliance with FCRA § 1681e(b)**

40. The factual allegations in Paragraphs 1–40 above are incorporated by reference as though fully set forth herein, to the extent not inconsistent with this cause of action.

41. Plaintiff Tyler Brown  is a "consumer" as defined by 15 U.S.C. § 1681a(c).

42. Defendant Clarity is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

43. As a consumer reporting agency, Defendant was required under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

44. Defendant willfully failed to follow reasonable procedures to assure maximum possible accuracy by including facially false, logically inconsistent, and incomplete data in Plaintiff's consumer report, including:

(a) Wrong name;

(b) Wrong address;

(c) Wrong DOB

(d) Wrong Driver's license number;

(e) Unauthorized or unrecognized inquiries linked to those identifiers.

See Plaintiff's Exhibit A.

45. Defendant knew or recklessly disregarded that reporting logically inconsistent personal identifiers and incomplete account data would render Plaintiff's report inaccurate and misleading.

46. The presence of multiple personal identifiers within Plaintiff's file indicates that Defendant mixed or commingled his information with that of another individual, a well-known and preventable problem in the credit reporting industry.

47. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n and the standard articulated in Safeco Insurance Co. of America v. Burr, 551 U.S. 47, 69 (2007), because it was inconsistent with authoritative guidance from the Consumer Financial Protection Bureau ("CFPB") and demonstrated reckless disregard for its statutory duties.

48. The CFPB has explicitly stated that "a consumer reporting agency that does not implement reasonable internal controls to prevent the inclusion of facially false data, including logically inconsistent information, in consumer reports it prepares is not using reasonable procedures to assure maximum possible accuracy under section 607(b) of the Fair Credit Reporting Act (FCRA)." Fair Credit Reporting; Facially False Data, 87 Fed. Reg. 64689-02 (Oct. 26, 2022).

49. Defendant ignored this authoritative guidance and continued to report facially false, logically inconsistent, and incomplete data in Plaintiff's consumer report, thereby acting in reckless disregard of its statutory obligations under the FCRA.

50. Defendant's willful violations caused Plaintiff to suffer actual damages, including economic loss, harm to credit reputation, emotional distress, and mental anguish.

51. As a result of Defendant's willful noncompliance with the FCRA, Plaintiff is entitled to statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.

**THIRD CAUSE OF ACTION**
**(Defendants Negligent & Willful Noncompliance with FCRA § 1681b Permissible Purposes)**

52. The factual allegations in Paragraphs 1–52 above are incorporated by reference as though fully set forth herein, to the extent not inconsistent with this cause of action.

53. Plaintiff Dwayne Bockelmann is a "consumer," as that term is defined by 15 U.S.C. § 1681a(c).

54. Defendant Clarity is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

55. Under 15 U.S.C. § 1681b, a CRA may furnish a consumer report only for specific permissible purposes enumerated in the statute, and only when the CRA has reason to believe that:

(a) the person requesting the report has a purpose permitted by § 1681b(a); and

(b) the report pertains to the consumer who is the subject of that request.

56. The statutory requirement that a CRA have "reason to believe" that a report pertains to the correct consumer imposes an independent duty on the CRA to maintain systems and procedures sufficient to ensure that reports are furnished only when the identity of the subject consumer is reasonably established.

57. The CFPB has issued authoritative guidance confirming that a consumer reporting agency may furnish a consumer report only when it has reason to believe both that a permissible purpose exists and that the report pertains to the consumer who is the subject of the request.

See Fair Credit Reporting; Permissible Purposes for Furnishing, Using, and Obtaining Consumer Reports, 87 Fed. Reg. 41243-01 (July 12, 2022), available at https://www.federalregister.gov/d/2022-14823/p-29

58. Defendant Clarity knew or should have known that its file concerning Plaintiff contained facially inconsistent and logically incompatible identity information, including multiple dates of birth, multiple driver's license numbers,  and inquiries linked by tracking numbers to credit transactions associated with other individuals. *See* Plaintiff's Exhibit A

59. The presence of these conflicting identifiers demonstrated that Defendant's file contained commingled or mixed identity data and that Defendant lacked a reasonable basis to conclude that certain report requests pertained to Plaintiff.

60. Despite these internal inconsistencies, Defendant furnished consumer reports to third parties in response to inquiries associated with identifiers that were not Plaintiff's and that were linked through tracking numbers to other individuals.

61. By furnishing consumer reports under circumstances where Defendant lacked a reasonable basis to believe that the requests pertained to Plaintiff, Defendant violated the permissible purpose provisions of 15 U.S.C. §1681b.

62. Defendant's conduct permitted third parties to access and receive consumer reports containing Plaintiff's personal information in connection with transactions involving different individuals, resulting in an invasion of Plaintiff's privacy.

63. Defendant knew, should have known, or recklessly disregarded that furnishing reports from a file containing facially inconsistent identity markers created a substantial risk that reports would be provided in response to requests not actually pertaining to Plaintiff.

64. Defendant's conduct was inconsistent with authoritative CFPB guidance and therefore constituted willful noncompliance under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), and/or negligent noncompliance under 15 U.S.C. §1681o.

65. As a direct and proximate result of Defendant's violations, Plaintiff suffered damages including economic loss, invasion of privacy, harm to reputation, emotional distress, and loss of credit opportunities.

66. Plaintiff is entitled to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§1681n and 1681o.

**FOURTH CAUSE OF ACTION**
**(Defendants Negligent & Willful Noncompliance with FCRA § 1681g(a))**

67. Plaintiff incorporates paragraphs 1–67 as if fully set forth herein.

68. Under 15 U.S.C. §1681g(a), a consumer reporting agency must clearly and accurately disclose to a consumer all information contained in the consumer's file at the time of the request.

69. The statutory purpose of §1681g is to ensure that a consumer receives a disclosure that is sufficiently clear, complete, and intelligible to allow the consumer to understand what information is being attributed to Plaintiff, verify its accuracy, and meaningfully exercise their dispute rights.

70. Section 1681g requires more than the mechanical production of data. A disclosure that is internally contradictory, logically inconsistent, does not have complete account numbers and payment/balance history, or commingles information belonging to multiple individuals is not "clear and accurate" within the meaning of the statute.

71. Defendant provided Plaintiff with a disclosure that included multiple dates of birth, and personal identifiers belonging to entirely different individuals, and incomplete account information all within a single consumer file.

72. The disclosure further contained numerous inquiries linked by internal tracking numbers to transactions involving conflicting identifiers, including identifiers not belonging to Plaintiff.

73. Defendant may contend that the inclusion of tracking numbers satisfies its disclosure obligations by identifying the origin of certain data elements. However, tracking numbers do not attribute identity ownership and do not explain which identifiers belong to Plaintiff and which belong to other consumers.

74. Consumers are not data engineers and cannot reasonably be expected to decode internal system identifiers or reverse-engineer proprietary tracking mechanisms in order to determine whether conflicting identity data belongs to them.

75. Because Defendant failed to segregate or clearly attribute identity information to the correct consumer, the disclosure required Plaintiff to guess which identifiers were his and which belonged to another individual.

76. A disclosure that forces a consumer to infer identity ownership from unexplained tracking codes or conflicting personal identifiers lacks intelligibility and therefore fails to satisfy §1681g(a).

77. The inclusion of another individual's name, address and other information within Plaintiff's disclosure created facial contradictions that rendered the disclosure materially misleading and incapable of being reasonably understood.

78. Authoritative guidance issued by the Consumer Financial Protection Bureau recognizes that logically inconsistent or facially false data reflects a failure of consumer reporting agency obligations. Defendant's disclosure demonstrates that it knowingly maintained internal tracking mechanisms capable of distinguishing separate identity events yet failed to present the information in a manner that allowed Plaintiff to understand his file.

79. By providing a disclosure that commingled multiple identities without clear attribution or segregation, Defendant prevented Plaintiff from meaningfully reviewing his file, identifying inaccuracies, and exercising his statutory rights.

80. Defendant's failure to provide a clear and intelligible disclosure constitutes negligent noncompliance under 15 U.S.C. §1681o.

81. Defendant's conduct further constitutes willful noncompliance under 15 U.S.C. §1681n because it acted in reckless disregard of its statutory duties by disseminating a disclosure containing facially contradictory identity information, despite authoritative regulatory guidance addressing logically inconsistent and mixed-file errors.

82. As a direct and proximate result of Defendant's violations of §1681g, Plaintiff suffered damages including emotional distress, invasion of privacy, loss of time, confusion, reputational harm, and other damages to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

November 10, 2026,

Respectfully Submitted,

/s/ Aluko Collins, Sr.
Aluko Collins Sr. (ASB-4704-P14P)
The Collins Firm, LLC
401 Madison Street SE
Huntsville, Alabama 35801
Ph: (983) 233-6440
acollins@thecollinsfirmlegal.com

Counsel for Plaintiff

**SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**CLARITY SERVICES, INC.**
c/o CT Corporation System
2 North Jackson Street STE 605
Montgomery, Alabama 36104